**Wilda J. DOYLE, Plaintiff-Respondent,**

v.

**William E. DOYLE, Defendant-Appellant.**

**No. KCD26214.**

Missouri Court of Appeals,
Kansas City District.

July 23, 1973.

Robert L. Rodarte, Kansas City, for defendant-appellant.

S. W. Longan, III, Kansas City, for plaintiff-respondent.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PER CURIAM.

This case arose when William E. Doyle, Wilda Doyle's former husband, moved to modify their divorce decree to terminate alimony payments. He alleged that Wilda (1) entered into a common law marriage in Kansas and (2) was now an able-bodied woman who could support herself. The trial court denied his motion and he appealed. Appellant has abandoned his second contention on appeal and relies solely on his allegation that Wilda Doyle had entered into a common law marriage in Kansas. He claims the court's judgment was not supported by sufficient evidence. His claim must be denied, and the judgment affirmed.

■ As the case below was tried to a judge, Rule 73.01, V.A.M.R., will control the review on appeal. The evidence will be considered de novo, giving due deference to the trial judge's findings in view of his opportunity to observe the demeanor of the witnesses. Only if the judgment below was "clearly erroneous" may it be reversed.

■ In reviewing the evidence all uncontested facts will be considered as true and inferences most favorable to the prevailing party will be drawn. Dill v. Poindexter, 451 S.W.2d 365 (Mo.App.1970). The evidence was that in February of 1972 Wilda and Richard C. Doyle (of no relation to the parties here) purchased a house in Leavenworth, Kansas in their joint names. Both the loan taken out to purchase the house and the deed to the property were made out to Richard and Wilda Doyle as husband and wife. The parties testified that this was an erroneous designation of their status resulting from a misunderstanding caused by the savings and loan company's and realtor's assumption that they were married. The fact that they had the same last name was, in their view, the cause of the mistake. Both Wilda and Richard Doyle testified that they did not tell the bank or realtor to correct this designation after they discovered it because they felt it had no real meaning.

The parties testified that from February to April of 1972 they occasionally stayed in the house together, though they denied living together as husband and wife. During part of this time Wilda had access to a joint bank account with Richard in Leavenworth. She testified that as her former husband was slow in sending her alimony payments she was forced to draw on this account out of necessity. When she received the payments she used her own account in Kansas City, Missouri. This was the only other instance that Richard and Wilda held any property jointly.

Richard Doyle testified that he had a home in Rushville, Missouri where he stayed part of the time, and did not stay in Leavenworth except on occasion. He testified that he did not consider himself married to Wilda, and he had no intent to marry her while they were staying together in Leavenworth. On his tax returns he did not claim Wilda as a dependant, and never told anyone that he was married to her. This was substantiated by the testimony of Wilda's parents who had visited the two in Leavenworth during the time at issue. Likewise, Wilda testified that she never considered herself married and had never told anyone that Richard was her husband.

The former husband, William Doyle, put on the evidence of David Wheeler, a private investigator. Mr. Wheeler testified that on three occasions he had observed the house in Leavenworth and had seen both Richard and Wilda there. He saw the house lights go off with both parties still inside indicating they had retired for the night, but he could not confirm this latter fact. There was rebuttal evidence offered by Richard Doyle that the private investigator could not have seen the interior of the house from his position across the street, and that on two of the nights in question Richard was at work in Kansas City.

■ The parties received their divorce in the state of Missouri, and the alleged "marriage" took place in Kansas. This "marriage" is of the type known as a common law marriage which is statutorily prohibited in Missouri. (Sec. 451.040(5) RSMo 1969, V.A.M.S.). However, our courts have indicated a willingness to recognize the validity of a common law marriage contracted in a foreign state. McGrath v. McGrath, 387 S.W.2d 239 (Mo. App.1965); Preston v. Preston, 342 S.W. 2d 956 (Mo.App.1961); Pittman v. Scullin Steel Company, 289 S.W.2d 57 (Mo.1956). The validity of such a measure is determined substantively (although not procedurally) by the lex loci contractus. Taylor v. Taylor, 355 S.W.2d 383 (Mo.App.1962). The law of Kansas must of necessity be

examined to determine if the parties have contracted a valid common law marriage.

 The three elements of a common law marriage in Kansas are: (1) capacity of the parties to marry; (2) a present marriage agreement; and (3) the parties' "holding out" to the public as husband and wife. Sullivan v. Sullivan, 196 Kan. 705, 413 P.2d 988 (1966).

In the recent case of Schrader v. Schrader, 207 Kan. 349, 484 P.2d 1007 (1971) the Supreme Court of Kansas said that where the parties deny a present agreement to marry "an indispensable constituent" of a common law marriage is absent. In that case, the parties had lived together, held themselves out as man and wife, filed joint income tax returns, bought personal property as man and wife, and registered themselves in hotels in that capacity. Nonetheless, the court held these facts would not overcome the denial of a present agreement to marry. The parties to the alleged marriage in this case denied ever having the intent to marry, and did not consider themselves married. This would appear to be a denial of the "indispensable constituent" to a common law marriage. Nothing was offered by the appellant to counter this denial. As was stated in Preston v. Preston, supra, "stringent proof" is required in Missouri to establish a valid common law marriage. The proof which was offered by appellant was ambiguous at best in this case.

Appellant cites a number of cases which have held that the elements of a common law marriage may be implied from the acts of the parties. While these cases do so state, all are distinguishable on their facts as they usually involved cohabitation over a period of years, or the birth of children, or some clear cut public "holding out" by the parties. Therefore, no implication of the marriage elements may be drawn in this case.

 As it appears that the appellant has failed to prove that Wilda and Richard le-

gally consummated a common law marriage in Kansas as measured by the substantive law of Kansas, he has failed to meet his burden of proof in seeking a modification of the divorce decree. Lane v. Lane, 439 S.W.2d 550 (Mo.App.1969). There appears to be sufficient evidence to support the court's judgment, therefore it was not "clearly erroneous" and is affirmed.

All concur.