**Bernice POPE, Plaintiff-Respondent,**

v.

**James POPE and Mary Jennette Kerdrick, Defendants-Appellants.**

**No. KCD 27139.**

Missouri Court of Appeals, Kansas City District.

March 3, 1975.

Anthony J. Romano, Kansas City, William F. Brown, Sedalia, for defendants-appellants.

George H. Miller, Sedalia, for plaintiff-respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

Plaintiff filed her petition for divorce and for partition of real estate and for an accounting of the proceeds of the sale of certain cattle. She alleged she and defendant James Pope had been married and divorced, and thereafter in 1959, entered into a valid common law marriage in the State of Kansas. She alleged general indignities on the part of defendant as grounds for divorce. She alleged the ownership, as tenants in common with the defendant, of certain cattle which she alleged defendant had sold and appropriated the proceeds to his own use.

Her petition also prayed the partition of certain real estate on which defendant Mary Jeannette Kerdrick held a note secured by a deed of trust. There is no issue raised on this appeal concerning the prayer for partition.

Defendant, in this appeal, essentially draws into question the sufficiency of the evidence to support the finding of a common law marriage by the trial court. This will require a resume of the facts.

Plaintiff and defendant were married first in 1946 and were divorced in 1958. At time of trial in 1973, the plaintiff was seventy years of age. Plaintiff testified that following the divorce, the defendant visited her periodically and requested, with considerable fervor, that she return to him. These requests culminated in 1959, while the defendant was confined to Trinity Lutheran Hospital in Kansas City, Missouri, when defendant stated he wanted to resume co-habitation with the plaintiff. She stated she talked with an attorney about Kansas recognizing common law marriage, and thereafter discussed with defendant the fact they could enter into a common law marriage in Kansas. Following defendant's release from the hospital, she testified the parties met at defendant's apartment in Kansas City, Kansas, and thereupon agreed to once again become husband and wife. Plaintiff stated before they went to bed the first night in Kansas City, Kansas, they exchanged promises of enduring love and to live together as man and wife the rest of their lives. Plaintiff further testified that pursuant to this agreement, they did live together as husband and wife from that time until the date of their separation; they bought and sold real estate, except for one occasion, as husband and wife; introduced each other as husband and wife; filed income tax returns as husband and wife; defendant filed a claim for social security, listing the plaintiff as his wife; maintained joint bank accounts, and in all other respects held themselves out to the world as man and wife.

Two friends of the parties, Lucille Dugan and Beulah Love, testified defendant had introduced the plaintiff to them as his wife. Mrs. Dugan further testified defendant had come to her home the night before she was scheduled to testify and told her son, within her hearing, that she had better not appear in court and testify he had ever told her that plaintiff was his wife.

The trial court found a valid common law marriage existed between the parties, and further found plaintiff to be the innocent and injured party and granted to her a decree of divorce. Defendant challenges this finding on the basis of insufficient evidence and on the basis that Missouri requires stringent proof of the existence of a common law marriage.

This court has held a valid common law marriage entered into in the State of Kansas will be recognized in Missouri if the parties have become residents in this State. In that case, this court set out the three elements of a common law marriage in Kansas as being, (1) capacity of the parties to marry, (2) a present marriage agreement, and (3) the parties "holding

out" to the public as husband and wife. Doyle v. Doyle, 497 S.W.2d 846 (Mo.App. 1973). In *Doyle,* it was also stated Missouri courts require a stringent proof of the existence of a common law marriage.

■ Defendant contends the trial court did not apply the test of stringent proof. This degree of proof is not as onerous as the defendant would make it, but simply requires the proof be convincing or cogent. A careful review of the record reveals plaintiff's evidence to be both convincing and cogent and thus meets the test heretofore established.

■ In this case, the scope of review is delineated by Rule 73.01, V.A.M.R. While this court considers the evidence de novo, it does give due deference to the trial judge's findings in view of his opportunity to observe the witnesses. A reversal is permitted only if the judgment of the trial court is clearly erroneous. Doyle v. Doyle, *supra.*

■ One of defendant's principal contentions is that the conversation in the hospital amounts to nothing more than an agreement to enter into a common law marriage at a future date, whereas a common law marriage depends upon a present agreement. Defendant then attacks the testimony of the plaintiff concerning the present agreement made in defendant's apartment prior to the resumption of cohabitation because there were no witnesses and because the defendant denied such agreement. Defendant has failed to cite any authority requiring witnesses other than the parties and no such authority has been found. On this contested issue, the trial court chose to believe the plaintiff.

Defendant also attacks the evidence of deeds executed by the parties because he is a functional illiterate. The evidence showed he regularly engaged in the business of buying and selling property, but even if this evidence be ignored, there is sufficient proof to show the marriage.

Plaintiff's evidence proved all of the essential elements of a common law marriage and while there was dispute on the part of the defendant, the defendant did not produce any substantial or independent evidence to disprove plaintiff's version of the facts. The trial court obviously believed plaintiff and those witnesses testifying to the essential elements of the common law marriage as the trial court was clearly authorized to do. Since the judgment of the trial court in this regard was based on substantial facts, and on the credibility of witnesses involving disputed facts, the judgment of the trial court is not clearly erroneous and for that reason may not be set aside.

■ Defendant contends that even if a divorce is granted, the trial court had no authority to award the plaintiff an accounting and judgment for plaintiff's one-half of the sale price of the cattle. Defendant's argument is based on the fact that an accounting is an equitable action and requires the existence of a fiduciary relationship between the parties. Defendant relies upon Taylor v. Taylor, 367 S.W. 2d 58 (Mo.App.1963) and Englesmann v. Holekamp, 402 S.W.2d 382 (Mo.1966). Those cases require the existence of a fiduciary relationship but there was no subsisting marriage between the parties. When the parties involved in the accounting are husband and wife, the right to an accounting has been recently affirmed by this court in Coffey v. Coffey, 485 S.W.2d 167 (Mo.App.1972). In that case it was stated: "[i]f a court of equity decides that one party has unjustly suffered financially from the acts of the other party to the marriage, it can enter into an accounting."

Thus, the trial court had ample authority to order an accounting of the proceeds of the sale of cattle. However, the defendant states that if an accounting were proper, the trial court erred in awarding the plaintiff $2,000.00 for her interest in the cattle. He contends the court should have awarded $2,605.59, which is one-half of the sale

price, or $1,150.00, if the defendant's testimony were accepted concerning a lien on the cattle being held by defendant's son and son-in-law.

The plaintiff testified the cattle were purchased with joint funds of the parties, while the defendant testified his son and son-in-law had an interest in the cattle by reason of having advanced part of the purchase price. However, the son and son-in-law testified, and both denied having any direct financial interest in the cattle, although the son testified he had made loans to the defendant for various purposes.

■ The trial court found the parties owned the cattle as tenants by the entirety, which was justified under the proof even though the pleading was of ownership as tenants in common, and awarded the plaintiff $2,000.00 as her share of the proceeds. There is no explanation as to why the trial court awarded the plaintiff the sum of $2,000.00 after finding the ownership to be as tenants by the entirety, which would entitle the plaintiff to one-half of the sale proceeds, or $2,605.59.

Under Rule 84.14 an appellate court is authorized to give such judgment as ought to be given. Under the findings of fact by the trial court, the plaintiff should have been awarded the sum of $2,605.59. See Grundel v. Bank of Craig, 515 S.W.2d 177 (Mo.App.1974).

The judgment granting a divorce to the plaintiff is affirmed and the judgment granting plaintiff an accounting is modified by awarding to plaintiff the sum of $2,605.59 as her interest in the cattle. As affirmed, the cause is remanded to the trial court with directions to enter judgment for the plaintiff for the sum of $2,605.59 instead of the sum of $2,000.00.

All concur.