Otis THARP, Plaintiff-Respondent,

v.

Elmer C. OBERHELLMANN, Administrator of the Estate of Maxwell Ferrell, Deceased, et al., Defendants-Appellants.

No. 36442.

Missouri Court of Appeals,
St. Louis District,
Division Three.

July 8, 1975.

Motion for Rehearing or Transfer to
Court En Banc Denied
Sept. 8, 1975.

Leonard P. Cervantes, Igoe & Igoe, St. Louis, for defendants-appellants.

Robert E. Keaney, St. Louis, for plaintiff-respondent.

SIMEONE, Presiding Judge.

This is an appeal by the defendants-appellants, the minor children of Maxwell Ferrell, by their guardian ad litem, from a judgment entered by the circuit court of the City of St. Louis on June 25, 1974, barring them from maintaining an action for the alleged wrongful death of their father. We affirm.

On February 1, 1971, Maxwell Ferrell was an employee of the Lee Paper Company in the City of St. Louis. On that date he was operating a fork lift truck and was engaged in loading a truck owned by plaintiff Otis Tharp and operated by John Eugene Coleman. Coleman's truck had backed up to the loading dock, which was a few inches higher than the bed of the truck. A metal plank was placed between the loading dock and the truck, and acted as a bridge. Ferrell put one "pallet" of material onto the truck, and while backing up after depositing the second pallet, the metal plank moved, and the fork lift fell between the dock and the truck, "pinning" Ferrell between the steering wheel of the fork lift and the seat of the lift. The steering column was bent. According to Mr. Coleman, the steering wheel pressed him in his "mid section"—"slightly above his abdomen . . . with a radius of about four inches." His legs were also pinned underneath. The "steering column had bent and forced the steering wheel up against him." Mr. Ferrell was removed, placed on the dock and taken to the hospital. There was skin torn from one of his calves; he suffered several broken ribs, fractures of the transverse process of L–2 and L–3 on the left side and L–3 on the right side, and blood was found in the urine.

On May 30, 1971—Memorial Day—Mr. Ferrell expired. Following his death, the administrator of his estate and his minor children, through their mother, filed sepa-

rate actions for damages arising out of Mr. Ferrell's death against the plaintiff herein, Mr. Otis Tharp.[1] On December 28, 1971, Mr. Tharp, the defendant in those actions, filed his petition in interpleader against the administrator of Ferrell's estate and the guardian ad litem of the minor children, alleging that two claims had been filed against him and praying the court to make its finding as to the cause of death of Maxwell Ferrell and to determine which of the claimants should be barred from further action against him. Rule 52.07; *Plaza Express Company v. Galloway*, 365 Mo. 166, 280 S.W.2d 17 (banc 1955).

The cause eventually came to trial. The central issue facing the trial court was to determine whether the accident of February 1, 1971, caused or contributed to cause the death of Mr. Ferrell or whether his death resulted from other causes. The whole thrust of the evidence of the defendants, minor children, was to show that the injuries received caused or contributed to cause the death. This evidence consisted of testimony of Mr. Ferrell's "wife," two physicians and a number of books and articles dealing with heart disease caused by nonpenetrating chest injuries. Mr. Ferrell was a good worker; before the accident he walked to work, played with the children and was able to ascend stairs without difficulty. His "wife" testified that after the incident on February 1, he had to catch his breath while walking up and down the steps, had trouble sleeping, had to sleep in a chair, and could not engage in physical activities.

A physician, Dr. Frede Mortensen, testified for the minor children. It was his opinion based upon reasonable medical cer-tainty that Mr. Ferrell suffered a nonpenetrating chest injury which resulted in a cardiac contusion or traumatic heart disease. In his opinion the evidence was "very great that he had a cardiac contusion," and that the incident of February 1 caused or contributed to cause Mr. Ferrell's death.

The defendants also introduced the deposition of Dr. Frank J. Cantanzaro, who stated that, in his opinion, Mr. Ferrell "most likely developed traumatic heart disease from the chest injury . . . and died a sudden electrical cardiac death on May 30, 1971 as a result of the traumatic heart disease." His opinion was that the injury did "contribute materially to the patient's death."

The thrust of the evidence for the plaintiff was that Mr. Ferrell died from causes other than the injuries suffered on February 1. Dr. George E. Gantner, Jr. testified that in his opinion, based upon available evidence, Mr. Ferrell died as a result of pre-existing arteriosclerotic heart disease, that Mr. Ferrell did not suffer injury to the heart and that there was no relationship between the accident and his subsequent death.

After extensive evidence on behalf of both the plaintiff and the minor children, the trial court concluded that the "accident and injuries sustained by Maxwell Ferrell on February 1, 1971, did not cause and did not contribute to the cause of Maxwell Ferrell's death on May 30, 1971."

The minors, through their guardian, duly appealed. On this appeal they make several points, but their principal contentions are (1) that the trial court erred in admitting the opinion of Dr. Gantner as to causal connection because the "facts upon which

---

1. § 537.020, RSMo 1969, provides: "1. Causes of action for personal injuries, other than those resulting in death, . . . shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued . . . ."

§ 537.080 provides: "Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered . . . ."

an experts [sic] opinion is based must measure up to legal requirements of substantially [sic] and probative force," and because an "experts [sic] opinion must not be a mere guess or conjecture, but must be based upon facts and adequate data"; and (2) that the trial court erred in finding that the injuries sustained on February 1, 1971, did not cause or contribute to cause the death of Mr. Ferrell because the weight of the evidence was overwhelmingly against the judgment of the trial court and in such situation we may determine what judgment should be rendered.

■ This is a court tried case. In such a proceeding we review the cause both upon the law and the evidence and the weight and value thereof, and we reach our own independent conclusions from a consideration of all the evidence, while giving due deference to the opportunity of the trial court to judge the credibility of the witnesses. *Pope v. Pope*, 520 S.W.2d 634, 636 (Mo. App.1975); *Albert v. Declue*, 526 S.W.2d 39 (Mo.App.1975). Furthermore the judgment of the trial court is not to be set aside unless it is clearly erroneous.[2] We agree with the appellants that where the finding of the trial court is overwhelmingly against the weight of the evidence we may rule contrary thereto. *Trotter v. Carter*, 353 Mo. 708, 183 S.W.2d 898, 902 (1944).

■ We have carefully read the entire record in this case; we have reviewed the authorities relied upon by the appellants, and, based upon the principles stated herein, we are convinced that the judgment of the trial court should be affirmed. The judgment of the trial court, in finding that the accident of February 1, 1971, did not cause or contribute to cause the tragic death of Mr. Ferrell, was not clearly erroneous. The question of fact—the cause of death of Mr. Ferrell—was resolved by the trial court on conflicting evidence. We accord due deference to the trial court because of its superior opportunity to weigh, evaluate and assess the testimony. And our own independent review of the trial court's findings and judgment convinces us that there was sufficient evidence to conclude that Mr. Ferrell's death was due to causes other than the injuries sustained on February 1, and that the proper result was reached. The finding of the trial court was not, as appellants contend, overwhelmingly against the weight of the evidence.

■ Neither was the opinion of Dr. Gantner based upon mere guess or conjecture, nor were the facts upon which his opinion was based unsubstantial and lacking in probative force. Dr. Gantner is a specialist in pathology and forensic pathology. His qualifications rested in the first instance in the sound discretion of the trial court, and that decision is not to be set aside in the absence of a showing of an abuse of discretion. *Parlow v. Dan Hamm Drayage Co.*, 391 S.W.2d 315, 325 (Mo.1965). We find no such abuse of discretion. He had knowledge of cardiology—"[t]reatment and knowledge are different." He based his opinion "on the entirety, the sum of the case that I have available to me." His opinion was based in part upon one of the histories on the hospital record which indicated previous chest pains lasting fifteen minutes occasionally with increasing frequency, and two times in the past two months, paroxysmal nocturnal dyspnea[3]; on X-rays which showed no abnormality of the heart at the time of admission; on calcification in the aorta; on an electrocardiogram taken two days after the injury which showed a normal reading[4]; on the

---

2. Rule 73.01(3), effective January 1, 1975, does not use the term "clearly erroneous" as former Rule 73.01(d) did. However, this principle still remains. *R. L. S. v. J. E. S.*, 522 S.W.2d 5, 6–7 (Mo.App.1975); *In the Interest of Lucjan and Janina Novak*, No. 35,772, Mo.App., St. Louis District, May 6, 1975; *Smith v. Thomas*, 520 S.W.2d 132, 134 (Mo.App.1975).

3. Although this history was taken by a student, it was not changed or modified by any superior.

4. Both Dr. Gantner and Dr. Mortensen agreed that an electrocardiogram taken a few days after an injury was a good time.

injuries described which were not close to the heart but to the midaxillary line and to the low back; on the autopsy report which revealed "[s]evere coronary artery disease involving all three arteries; and on the fact that there was no permanent stigma on the heart.

We hold that there was no abuse of discretion in the trial court's finding that Dr. Gantner was a qualified witness and that there was adequate data upon which Dr. Gantner could form an opinion. His opinion was not a "mere guess or conjecture," but based on facts and adequate data.

Based upon the entire record, we are convinced that the trial court did not err in (1) finding that the "accident and injuries sustained by Maxwell Ferrell on February 1, 1971, did not cause and did not contribute to the cause of Maxwell Ferrell's death on May 30, 1971" and (2) barring the appellants from maintaining the wrongful death action filed against the plaintiff.

The judgment is affirmed.

McMILLIAN and GUNN, JJ., concur.