**Donald R. VANDERSON,**
**Plaintiff-Appellant,**

v.

**Annie B. VANDERSON,**
**Defendant-Respondent.**

**No. 46494.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 6, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied April 4, 1984.

Arthur Kreisman, Timothy Murphy, St. Louis, for plaintiff-appellant.

Robert M. Paskal, Clayton, for defendant-respondent.

SNYDER, Judge.

Donald R. Vanderson appeals from a judgment dissolving his marriage to respondent Annie B. Vanderson. The judgment is affirmed.

Appellant charges the trial court with error in: (1) dissolving the marriage because an allegedly indispensable party, Gilly McCallister Vanderson, who is appellant's purported current spouse, was not a party to the proceeding; (2) finding that any marriage existed between the parties; (3) awarding respondent maintenance in gross, legal costs and deposition costs because the parties were never married; and (4) failing to grant an annulment because an annulment is the only remedy available inasmuch as the parties were never married.

The trial court found that the parties in fact had been married. This court's affirmance of that finding effectively disposes of points 2, 3 and 4 raised by the husband, but the point relating to his purported current spouse as an indispensable party will be considered at some length.

The parties met in 1972 or 1973 and began dating. In the summer of 1978, they decided to get married. The parties obtained blood tests and applied for a marriage license on June 2, 1978. The marriage license was issued on June 10, 1978.

The parties dispute, however, whether the marriage was ever solemnized. Respondent testified that she and appellant were married in a ceremony officiated by a Reverend Wells on the evening of June 17, 1978 at Reverend Well's home. Although no witnesses were present at the ceremony and Reverend Wells is deceased, respondent's testimony is supported by the marriage license which was purportedly completed by Reverend Wells and by the testimony of respondent's attorney. The attorney testified that he had received from appellant a verified petition requesting a dissolution of marriage. Eight weeks after the alleged marriage, the parties separated.

Appellant testified that he broke up with respondent before June 17, 1978 and did not participate in a wedding ceremony on that date. He testified he was in Oklahoma City, Oklahoma on business when the ceremony allegedly took place. Furthermore, appellant testified that he and respondent never held themselves out as husband and wife. Appellant's testimony that he was in Oklahoma City on June 17, 1978 is buttressed by a log record appellant kept in the course of his employment as a truck driver, a letter from the hotel in Oklahoma City where appellant allegedly stayed on June 17, 1978, and the testimony of a fellow truck driver, albeit the fellow truck driver testified by deposition from the prison at Pacific, Missouri where he was serving a term for arson.

Apparently believing that he was not married, appellant married Gilly McCallister Vanderson on June 21, 1980. He is still married to Gilly.

Appellant's first contention is that the trial court in dissolving the parties' alleged marriage because of the failure to join Gilly as an allegedly indispensable party. The point is denied.

■ The issue of whether there was a failure to join an indispensable party was not raised by appellant in the court below. However, the failure to join an indispensable party is jurisdictional and must be considered by the court on its own motion. *Neal v. Drennan*, 640 S.W.2d 132, 136[7–9] (Mo.App.1982).

As reflected by Rule 52.04, "... analysis of compulsory joinder problems is a two step process." Note, "Civil Procedure—Compulsory Joinder Under Missouri Rule 52.04(a)—Persons Needed For Just Adjudication," 43 Mo.L.Rev. 573, 576 (1978). "... [It] must first be determined under Rule 52.04(a) whether the absent person is to be joined and, after it is determined that he should be so joined, then the particular case must be examined in the light of the

factors in subdivision (b) to determine whether the action may proceed in the absence of the nonjoined party or is to be dismissed." *State ex rel. Emcasco Ins. Co. v. Rush,* 546 S.W.2d 188, 196[2] (Mo. App.1977).

"Rule 52.04 is virtually the same as Rule 19 F.R.Civ.P. with references to jurisdiction and venue eliminated." *Kingsley v. Burack,* 536 S.W.2d 7, 11 (Mo. banc 1976). A decision to proceed under paragraph (a) merely labels the absentee a "necessary" party, while a decision to dismiss under paragraph (b) is a determination that the absentee is not only a necessary party, but an "indispensable" party as well. See *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 742[11–13] 19 L.Ed.2d 936 (1968). "An action may proceed absent joinder of a 'necessary' party, but not absent joinder of an 'indispensable' party." *Massey v. Long,* 608 S.W.2d 547, 551[4, 5] (Mo.App.1980).

▮ The first issue, then, is whether Gilly McCallister is a necessary party in light of Rule 52.04(a). If a party is not first found to be necessary to a lawsuit, then no consideration need be given to the indispensability of the party. *Morgan v. Wartenbee,* 569 S.W.2d 391, 399[19] (Mo. App.1978).

No contention is made that Gilly is a necessary party by virtue of Rule 52.04(a), (1) or (2)(ii). This court can see no reason why the complete relief requested by the parties—dissolution of their marriage, maintenance, division of marital property, and attorney's fees—could not be granted without the presence of Gilly in the lawsuit. Rule 52.04(a)(1). Neither party has argued that they are "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [Gilly's] claimed interest." Rule 52.-04(a)(2)(ii).

Instead, appellant argues that Gilly is a necessary party under Rule 52.04(a)(2)(i). Appellant maintains that Gilly has interests in the marital property of her marriage to appellant and in the validity of her marriage, and is so situated that as a practical matter her ability to protect those interests may be impaired or impeded by disposition of the present action in her absence.

This court has reviewed the record and determined that Gilly has no property interests which were affected by the present action. The only property to come before the trial court consisted of furniture purchased by the parties well before appellant's marriage to Gilly.

The other interest of Gilly asserted by appellant is her interest in the validity of her marriage to appellant. As a prerequisite to issuing the decree of dissolution, the trial court found that the parties were married on June 17, 1978, before appellant married Gilly. Thus, appellant was still married to respondent when he married Gilly. "All marriages, where either of the parties has a former wife or husband living, shall be void, unless the former marriage shall have been dissolved." § 451.-030 RSMo. 1978.

The practical effect of the trial court's decree may be to void the marriage of Gilly and appellant. However, Gilly's ability to protect her interest in the marriage is not seriously impaired or impeded by her nonjoinder because she and appellant can simply remarry once his divorce from respondent becomes final. Appellant has never suggested that he would be unwilling to remarry Gilly.

▮ This court recognizes that Gilly may have other interests which are dependent on the existence of a valid marriage between herself and appellant, e.g., an interest in property acquired by appellant after his marriage to Gilly and the status of any children born of the marriage. The presence of such interests is at best mere conjecture unsupported by the record before us. The interest required to find that a person should be joined, if possible, under Rule 52.04(a) must arise above a mere consequential, remote or conjectural possibility. *State ex rel. Emcasco Ins. Co. v. Rush,* 546 S.W.2d at 197[3, 4].

■ Although appellant's second, third and fourth points relied on attack separate rulings of the trial court, all three points are premised on a single contention, that the trial court erred in finding that the parties were married on June 17, 1978. The trial court did not err in making that finding.

■ In reviewing a finding of fact made by the trial court sitting without a jury, this court will not reverse the trial court's finding "... unless there is no substantial evidence to support it ..." or "unless it is against the weight of the evidence," *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). Moreover, this court will not set aside the trial court's decree on the ground that it is against the weight of the evidence without "... a firm belief that the decree of judgment is wrong." Id.

■ In support of her claim that she and appellant were married, respondent produced a marriage certificate signed by Reverend Wells which recited that they were married by Reverend Wells on June 17, 1978. A marriage certificate is prima facie evidence of the facts contained in it. § 451.110 RSMo. 1978. The marriage certificate had been filed and recorded in the office of the recorder of deeds of the City of St. Louis. The existence of a marriage may be proved by authenticated marriage records and certificates. 52 Am.Jur.2d, Marriage, § 154 (1970).

■ Respondent's case is also supported by respondent's testimony. She testified that she and appellant went through a marriage ceremony at Reverend Well's house on June 17, 1978. Direct testimony of one of the parties may serve as proof of the existence of the marriage. See *Smith v. Smith*, 361 Mo. 894, 237 S.W.2d 84, 89[9, 10] (1951).

Respondent also testified that she and appellant cohabited for eight weeks after the ceremony, that the couple paid bills jointly as husband and wife and that appellant visited respondent in the hospital on July 11, 1979 and signed the record of admission as "husband." "Evidence of cohabitation and general repute, and of declarations and conduct of the parties, constitutes primary, strong and convincing proof of the fact of marriage ..." *Thomson v. Thomson*, 236 Mo.App. 1223, 163 S.W.2d 792, 797 (1942).

■ Appellant introduced evidence which tended to contradict a finding of marriage. However, the fact that contrary evidence was presented does not make the trial court's finding against the weight of the evidence. *Stegemann v. Fauk*, 571 S.W.2d 697, 700[1] (Mo.App.1978). This court defers to the trial court's assessment of the credibility of the witnesses.

After submission of the present case, appellant filed a "motion to remand for a final appealable order and rehearing on newly discovered evidence." The motion is denied.

■ As the first of two reasons given why the case should be remanded, appellant argues that the dissolution decree is not a final, appealable order because the trial court failed to determine the parties' interest in real estate at 4537 Adelaide Avenue in the City of St. Louis. Appellant states that the determination of interests in 4537 Adelaide Avenue was before the trial court because it was listed in his financial statement. The financial statement does not appear in the record on appeal and is therefore not before this court. See *Eaton v. Eaton*, 637 S.W.2d 799, 800[2] (Mo.App. 1982).

In addition, appellant has sent this court what purports to be a contempt order holding appellant in contempt for failing to obey a decree entered in another divorce action which required appellant to sell his interest in 4537 Adelaide Avenue. Appellant implies that failure to determine his interest in the property in the present action will leave a cloud on his title which will make it impossible to comply with the prior divorce decree. Neither the prior divorce decree nor the contempt order were put into evidence in the proceedings below, "... and being no part of the trial court

record, it also is not before ... [this court]." *Id.* The record before this court sets forth a final judgment.

■ The second ground urged in support of the motion to remand is that appellant wants to reopen the record for presentation of newly discovered evidence. Assuming *arguendo* that this court has the power to grant a motion for a new trial on newly discovered evidence, a point which this court does not address, the motion for remand on newly discovered evidence is denied. The motion is deficient for several reasons. First, neither affidavit setting forth the testimony of the alleged new witnesses nor copies of the newly discovered documentary evidence are attached to the motion. In effect, the motion contains merely the conclusion of appellant's counsel that there exists newly discovered evidence relevant to the case at bar.

■ A motion for new trial on the basis of newly discovered evidence must be supported by some proof, either within the motion itself or by accompanying affidavits. *Morgan v. Wartenbee,* 569 S.W.2d 391, 398[10] (Mo.App.1978); *Gehner v. McPherson,* 430 S.W.2d 312, 316[9, 10] (Mo. App.1968).

■ Second, there is nothing in the motion to suggest that the newly discovered evidence would produce a result different from the original judgment. In order for a new trial to be granted on grounds of newly discovered evidence, the movant must show, among other things, that the newly discovered evidence is so material that it would probably produce a different result if a new trial were granted. *Lynch v. Baldwin,* 117 S.W.2d 273, 276[9, 10] (Mo.1938).

■ Third, appellant's motion fails to set forth adequately the reason why the alleged newly discovered evidence was not discovered in time for the original trial.

Although the motion states that appellant's prior counsel has been unable to proceed because of ill health, the motion does not state when the former counsel became ill (this court's own record states that appellant's present counsel did not enter his appearance until October 28, 1983, more than a year after the trial court's judgment), or that the former counsel's illness caused the failure to discover the evidence.

There is no affidavit from the former counsel or appellant stating that former counsel's illness caused the failure to produce the evidence, only present counsel's statement. Thus, it does not appear that the evidence could not have been discovered before trial by due diligence.

Before a motion for new trial for newly discovered evidence will be granted, it must be shown that the evidence could not have been procured before trial by reasonable diligence. *Barry v. Blumenthal,* 32 Mo. 29, 45 (1862); *Morgan v. Wartenbee,* 569 S.W.2d at 398[11, 12].

The motion is denied.

The judgment is affirmed.

KELLY, P.J., and STEWART, J., concur.