Frances Helen FALVEY,
Plaintiff-Appellant,

v.

Neil Joseph FALVEY,
Defendant-Respondent.

No. 52006.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 7, 1987.

Ray A. Gerritzen, St. Louis, for plaintiff-appellant.

Neil Joseph Falvey, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Wife appeals from a judgment in the trial court awarding her marital property and $2,000 in attorney's fees. She appeals, contending that the court erred in calculating each party's share of the marital property, in failing to re-open the case for new evidence, in finding no value in the marital property of the corporation awarded husband, and in not awarding maintenance. We affirm.

Wife is 47 and works as a secretary earning $16,200 per year. Husband is a 55 year old self employed computer consultant. His income varies. He also owns a moderate amount of income producing property. The parties married in 1983. After living for a short while in wife's house, they bought a new house. Husband contributed $38,000 of his separate property to the purchase which was made in both names. The court also found that husband had expended $3,000 of his separate property to the improvement of the previous house, which is wife's separate property.

In February or March 1985, the couple separated. The court granted a dissolution decree on May 30, 1986. The court set aside to each party his or her separate property. Wife's significant separate property included the house in which the couple had briefly lived during 1983, her furnishings, rings and other liquid and real estate assets with a value of over $3,000. Husband's separate property included accounts, insurance, stock, notes and retirement benefits, all worth $66,000, two Florida condominiums, and his furnishings. The court awarded the following marital property as hers; a television set, a 1984 Cougar automobile (no value assigned to either) and her pension fund from Monsanto ("having little if any present value)." Husband received as marital property his business known as Precision Data Systems (having little cash value), office and household furniture, and the house purchased by the couple having equity of $41,000. The court then ordered husband to pay wife $5,000 in order to make a just division of the marital real property and $2,000 in attorney's fee. He awarded no maintenance to either party.

Wife's first point is two pronged. In her brief, she states that at the motion for a new trial, the court orally indicated that he would apply *Hoffmann v. Hoffmann*, 676 S.W.2d 817 (Mo. banc 1984) in dividing marital property. Wife contends that *Hoff-*

*mann* only established the "source of funds" rule for determining whether the property in question would be marital or separate. As *Hoffmann* did not abolish the "presumptions of gift" rule and as the principle of law is not to be applied to distribute marital property, wife contends that the de facto split of the house's equity $36,000 to $5,000 is in error.

■ The wife's contention is, for numerous reasons, devoid of merit. First, wife preserved nothing for review for she does not cite us to any part of the record to support this alleged misinterpretation of *Hoffmann.* Further, our extensive review of the record reveals only the following exchange.

MR. ROBERTSON: The only thing other I would have to add, Your Honor, for the record, is that—just direct your attention to the Hoffman [sic] case. I can give you the cite if you like; which states basically, as you know—

THE COURT: Source of source and source of funds and formulas, and two cases since then.

MR. ROBERTSON: And I believe there's been a reduction of a debt jointly or—I am sorry, singly held property, where there's been a reduction of the debt, it is converted to marital property, I believe.

THE COURT: That is correct.

All right, you may step down.

MR. GERRITZEN: (Attorney for wife) Also, I can give you a whole list of cases where property put in joint names is deemed to be a gift unless proven otherwise; and burden of proof is on the person claiming the property, other than as a gift.

Wife's first point is not properly preserved.

■ Nonetheless, we have reviewed the record and we conclude that the trial court division of marital property was solidly based on the law. RSMo 452.330 (1984 Supp.) lists four non-exclusive factors for the court to employ in dividing marital property. In the case at hand, it is obvious that the court carefully weighed each. In coming to its $36,000 to $5,000 division of the house equity, the court specifically found "that this marital asset was acquired almost entirely from [husband's] separate property" while the wife "contributed almost nothing." This follows § 452.330(1) which states that one factor shall be: "[t]he contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as a homemaker." Here husband contributed $38,000 and wife contributed very little if anything. The marriage was of short duration. There was substantial evidence that the parties split the housemaking responsibilities. We find no error.

■ Wife's second prong of her first point is that as husband when he purchased the property jointly titled it, he presumed a gift which evidenced an intention to make the house marital property. As the court did find the house to be marital property, wife has no error of which to convict the trial court.

■ Wife's second point is that as the marital property was divided $8,425 to $36,200, the court erred. We note that wife's valuation of her share does not include any value for either his or her furnishings, including the 1984 Cougar awarded to wife. The actual percentages are not as skewed as alleged. Secondly, the great amount of the marital property comes from the house's equity which distribution we discussed as equitable. Subtracting that, the division would be $3,425 for wife and $200 for husband. Wife's point is denied.

■ Wife's third point is that the court erred in refusing to permit wife to present newly discovered evidence after the trial was held that similar or inferior houses on the block sold for $120,000. Wife's point is deficient in several respects and is denied.

At trial wife valued the house at $100,000 and husband valued it at $94,000. In the motion for a new trial, wife presented only conclusions that the alleged $120,000 houses are similar or are inferior.

[N]either affidavit setting forth the testimony of the alleged new witnesses nor copies of the newly discovered documentary evidence are attached to the motion.

In effect, the motion contains merely the conclusion of appellant's counsel that there exists newly discovered evidence relevant to the case at bar. *Vanderson v. Vanderson,* 668 S.W.2d 167, 172 (Mo.App.1984). Wife's assertion that "affidavits of witnesses could not be presented unless the buyers and/or sellers themselves were disposed, witnesses of any other would be hearsay" does not excuse the failure of wife to properly preserve this point.

Wife's final two points concern the valuation of husband's corporation and the decision not to award maintenance to wife. We have reviewed the record and find that the trial court's decision in both is supported by substantial evidence and is not against the weight of the evidence. Rule 73.01.

Wife's motion to strike husband's brief is denied.

The judgment is affirmed.

CRANDALL and KAROHL, JJ., concur.